NITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS JOHN WILLIAMS,

                Petitioner,

v.

DONALD R. HOLBROOK,

                Respondent.

Case No. C18-1807 JLR

**REPORT AND RECOMMENDATION**

Petitioner seeks 28 U.S.C. § 2254 habeas relief from his 1996 criminal convictions in King County Superior Court, case number 94-1-03523-8, for first degree rape, burglary, kidnapping, attempted rape, robbery and taking a motor vehicle. Dkt. 4. The Court's records establish the habeas petition filed here is a second or successive habeas petition which must be transferred to the Ninth Circuit.

**DISCUSSION**

In 2000 petitioner filed a § 2254 habeas corpus petition challenging the 1996 King County Superior Court convictions that he again challenges here. *See* Dkt. 1 (C00-1199 JCC). The 2000 petition sought relief on the grounds that a government witness recanted his testimony; DNA evidence was obtained by a false affidavit; trial counsel was ineffective; the identification procedure used in one victim's case was impermissibly suggestive; pretrial continuances violated the Sixth Amendment; petitioner was denied a jury trial; petitioner was improperly denied a

REPORT AND RECOMMENDATION - 1

continuance of a DNA hearing; the trial court incorrectly denied a motion to dismiss for prosecutorial misconduct; and petitioner was denied the right to appeal. *See* Dkt. 56 (C00-1199 JCC).

In the habeas petition now before the Court, petitioner's grounds for relief refer to an attached Motion to Modify the Commissioner's Ruling which petitioner filed in the Washington Supreme Court. Dkt. 4 (18-1807 JLR). The motion to modify filed in state court argues the Washington Supreme Court Commissioner erred in finding petitioner's claims are time-barred because petitioner is innocent, and his innocence trumps any time bar. *Id.* In support, the motion argues DNA evidence was obtained through a false affidavit; trial and appellate counsel were ineffective; and the state engaged in misconduct. Petitioner also contends in the motion that he should be granted relief because a witness recanted his testimony, petitioner's speedy trial rights were violated, an impermissible montage identification procedure was used, and petitioner's confession was coerced.

Based on the Court's records, petitioner's current habeas petition is a second or successive petition. If a petition is second or successive, then petitioner must seek authorization from the Court of Appeals before filing the new petition with the district court. 28 U.S.C. § 2244 (b) (3) (A). Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Here, there is nothing indication petitioner has sought or obtained permission from the Court of Appeals. The habeas petition should thus be referred to the Court of Appeals.

REPORT AND RECOMMENDATION - 2

**CONCLUSION**

The Court recommends this habeas petition, which the Court construes as a request for permission to file a successive petition, be referred to the Ninth Circuit and the file be administratively closed without deciding whether the petition should be dismissed.

Any objections to this Recommendation must be filed no later than **Tuesday, January 16, 2019.** The Clerk should note the matter for **Friday, January 18, 2019,** as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 7 pages. The failure to timely object may affect the right to appeal.

DATED this 2nd day of January, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3